UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOYCE VAN LINES, INC. | : | |
|     Plaintiff, | : | |
| | : | CIVIL CASE NO. |
|     v. | : | 3:19-CV-0202 (JCH) |
| | : | |
| DEAN LODMELL, ET AL., | : | |
|     Defendants. | : | MARCH 12, 2020 |
| | : | |

**RULING ON LODMELL'S MOTION TO COMPEL (DOC. NO. 41)**

**I.    INTRODUCTION**

The plaintiff, Joyce Van Lines, Inc. ("Joyce"), brings this present action against

defendants, Dean Lodmell ("Lodmell") and Joan LaFrance ("LaFrance"), alleging failure

to pay fees for storage services provided by Joyce.  Amended Complaint ("Am. Compl.")

(Doc. No. 28), Joyce Van Lines, Inc. v. Lodemell, No. 3:17-CV-1422 (VLB), Count One

¶ 7; Count Five ¶ 7.  Joyce alleges, in separates counts, claims for breach of contract,

breach of oral contract, unjust enrichment, and quantum meruit against each of the

defendants.  LaFrance subsequently filed a crossclaim against Lodell.  See LaFrance's

Answer, Affirmative Defenses and Cross Claim (Doc. No. 42), Joyce Van Lines, Inc. v.

Lodemell, No. 3:17-cv-1422 (VLB).  In that crossclaim, LaFrance seeks contribution and

indemnification from Lodmell for all sums that she is adjudged liable to pay.  See id. ¶ 9.

Pending before the court is Lodmell's Motion to Compel Arbitration (Doc. No. 41).

For the reasons set forth below, Lodmell's Motion is denied.  Furthermore, because this

court no longer has subject matter jurisdiction of this action, this case is remanded to

the Connecticut Superior Court Judicial District of Ansonia-Milford pursuant to section

1447(c) of title 28 of the United States Code.

## II.    PROCEDURAL HISTORY

This case was previously before Judge Bryant after Lodmell removed the case from state court.  See Joyce Van Lines Inc. v. Lodmell, 3:17-cv-01422 (VLB).  Following the joinder of LaFrance, Judge Bryant found that the parties were no longer diverse, and remanded the case to the Connecticut Superior Court pursuant to section 1447(e) of title 28 of the United States Code.  See id. Memorandum of Decision (Doc. No. 50), at 6.  Lodmell then removed the case from state court a second time.  In his Notice of Removal, Lodmell writes that "[t]his Court has original jurisdiction over this case pursuant to 9 U.S.C. §202, et seq., (The Convention on the Recognition and Enforcement of Foreign Arbitral Awards) the 'Convention.'"[1]  See Notice of Removal (Doc. No. 1), at 2.

Following this court's Ruling denying Lodmell's Motion to Dismiss, see Ruling (Doc. No. 34), this court ordered Lodmell to show cause as to how the Convention confers jurisdiction.  In his response, Lodmell again directed this court's attention to Section 205 of the Convention.  See Response (Doc. No. 38).  In her Reply, LaFrance stated that she "takes no position on the overall issue of the Court's jurisdiction over this

---

[1] Section 205 of title 9 gives federal district courts removal jurisdiction "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention."  Section 202 defines which agreements fall under the Convention:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9 U.S.C. § 202.  In his Notice of Removal, Lodmell alleges that he has agreements with Joyce and LaFrance which both contain arbitration agreements and that, because the agreements relate to real or personal property located outside the United States, they fall under the Convention.  See Notice of Removal at 3.

matter." Reply to Defendant Lodmell's Response (Doc. No. 43), at 1. Joyce did not file a reply.

Two weeks after responding to this court's Order to Show Cause, Lodmell filed his Motion to Compel (Doc. No. 21). Both LaFrance and Joyce filed objections to this Motion. See Plaintiff's Objection to Motion to Compel ("Pl. Mem.") (Doc. No. 44); Defendant Lafrance Opposition ("Def. LaFrance Mem.") (Doc. No. 45).

On March 10, 2020, the court heard oral arguments as to both Lodmell's Motion to Compel, and issues of jurisdiction. See Doc. No. 46.

## III.   FACTS

This case arises out of a contract dispute between Joyce Van Lines, a professional moving company, and Lodmell. See generally, Am. Compl. The case began on August 4, 2017, when Joyce filed its breach of contract claim against Lodmell in the Connecticut Superior Court. See Notice of Removal (Doc. No. 1), Ex. A. As discussed above, the case was removed by Lodmell in August 2017, remanded to state court in July 2018, and removed again by Lodmell in February 2019. During the pendency of this litigation, Lodmell, acting pro se, commenced a separate case in the United States District Court of the Eastern District of Washington and attempted to commence arbitration with the American Arbitration Association. In the Eastern District of Washington, Lodmell filed a Complaint and Petition to Compel Arbitration against LaFrance and Joyce. See Lodmell v. Joyce Van Lines et al, 4:19-CV-5010, Compl. (Doc. No. 1). The court subsequently ordered Lodmell to file an Amended Complaint within 30 days "in order to adequately raise grounds for federal jurisdiction." Order Denying Mot. for Default Judgment (Doc. No. 7) at 5. Following Lodmell's failure to do

3

so, the court dismissed his complaint with prejudice on December 6, 2019. <u>See</u> Order (Doc. No. 8).

Acting <u>pro se</u>, Lodmell also attempted to commence arbitration with the American Arbitration. However, the AAA dismissed his claims on November 15, 2019, following non-payment of arbitrator compensation deposits. <u>See</u> Pl. Mem., Ex. A. There is no evidence in the record to suggest that Lodmell has taken any action to remedy that dismissal.

On January 28, 2020, more than two and a half years after Joyce commenced this action, Lodmell filed its Motion to Compel. Lodmell bases his Motion upon an arbitration clause located in the contract between Lodmell and Joyce (the "Joyce Agreement") and the prenuptial agreement between Lodmell and Lafrance. <u>See</u> Mot. at 5.

## IV.    LEGAL STANDARD

Under Section 206 of the Convention, a court "may direct that arbitration be held in accordance with [an] agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206. When a party seeks to compel arbitration pursuant to the Convention, four basic requirements must be met: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." <u>Smith/Enron Cogeneration Ltd. Partnership. Inc. v. Smith Cogeneration Intern., Inc.</u>, 198 F.3d 88, 92 (2d Cir. 1999). "If a district court finds that these requirements are met, it must order arbitration unless it finds the agreement 'null and void, inoperative or incapable of being performed.'" <u>Cargill Intern. S.A. v. M/T Pavel Dybenko</u>, 991 F.2d 1012, 1018 (2d Cir. 1993) (citing the Convention, Article II(3)). "The

4

limited scope of the Convention's null and void clause must be interpreted to encompass only those situations—such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale." Apple & Eve. LLC v. Yantai North Andre Juice Co., Ltd., 610 F. Supp. 2d 226, 228 (E.D.N.Y. 2009) (internal quotation marks omitted)

Under federal law, to determine whether a party has waived its right to arbitration by engaging in litigation, the Second Circuit has instructed courts to consider: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 159 (2d Cir.2010). "Prejudice is the most important of these three factors, as a party claiming waiver must demonstrate prejudice before a waiver will be found." Gov't Emps. Ins. Co. v. Grand Med. Supply, Inc., No. 11-CV-5339, 2012 WL 2577577, at *5 (E.D.N.Y. July 4, 2012).

## V.  DISCUSSION

In their responses, both LaFrance and Joyce contend that Lodmell has waived his right to arbitrate these claims. The court agrees. When analyzing the first factor, the court notes that twenty-nine months elapsed between the filing of Joyce's breach of contract claim, and Lodmell's Motion to Compel. This length of delay weighs in favor of finding waiver. See La. Stadium, 626 F.3d at 159 (finding waiver, in part because eleven months elapsed between the initial filings and the motion to compel arbitration); State Farm Mut. Auto. Ins. Co. v. McGee, No. 10-CV-3848, 2012 WL 2394812, at *3 (E.D.N.Y. June 25, 2012) ("Consequently, defendants have provided no legitimate explanation for their eighteen-month delay, a factor that weighs in favor of finding

5

waiver."); <u>Manos v. Geissler</u>, 321 F.Supp.2d 588, 594 (S.D.N.Y.2004) (seventeen month delay supported a finding of waiver).

In addition, the litigation during that time has not been stagnant.  Rather, through these twenty-nine months, Lodmell has, <u>inter</u> <u>alia</u>, removed the case to federal court twice, moved for a preliminary injunction, filed two motions to dismiss, and engaged in discovery.  <u>See</u> <u>Joyce Van Lines Inc. v. Lodmell</u>, 3:17-CV-01422 (VLB), Doc. Nos. 1, 18, 29; <u>see also</u> <u>Joyce Van Lines Inc. v. Lodmell</u>, 3:19-CV-202 (JCH), Doc. Nos. 1, 24, 27.  Despite this extended and active period of litigation, it was not until this court <u>sua sponte</u> ordered him to show cause that it has jurisdiction, and he responded to that Order, that Lodmell filed the instant motion to compel arbitration.  This second factor similarly weighs in favor of finding waiver.  <u>See</u> <u>State Farm Mut. Auto. Ins. Co.</u>, 2012 WL 2394812, at *3; <u>La. Stadium</u>, 626 F.3d at 159; <u>Manos v. Geissler</u>, 321 F.Supp.2d at 594.

Finally, LaFrance and Joyce have sufficiently shown prejudice.  The Second Circuit has recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay.  <u>La. Stadium</u>, 626 F.3d at 159.  Substantive prejudice might occur "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration"; time and expense prejudice "can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay and expense."  <u>Thyssen, Inc. v. Calypso Shipping Corp., S.A.</u>, 310 F.3d 102, 105 (2d Cir.2002) (per curiam).

Here, both forms of prejudice exist.  As to time and expense prejudice, Lodmell did not move to compel arbitration until twenty-nine months after the action was

commenced, after extensive litigation, and after the parties have completed discovery. <u>See</u> Scheduling Order (Doc. No. 16) (noting that discovery will be completed by October 19, 2019). In her Memorandum, LaFrance contends that she is now ready "to resolve this matter by summary judgment or trial." Def. LeFrance Mem. at 5. Joyce similarly contends that, after more than two years of litigation, further delay would cause serious prejudice. <u>See</u> Pl. Mem. at 4; <u>see also</u> <u>Bank of America v. Ocean Performance</u>, No. 3:10-CV-1829 (JBA), 2013 WL 943743, at *3 (2013) ("[P]rejudice need not be substantive, and can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes unnecessary delay or expense.") (internal quotation marks omitted).

The court finds there exists substantive prejudice, as well. The record before the court demonstrates that Lodmell attempted to compel arbitration on two other occasions and now, after this court has denied his Motion to Dismiss, he is attempting to force arbitration on the parties again. <u>See</u> <u>Thyssen</u>, 310 F.3d at 105 ("Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration."). Furthermore, if this court were to compel arbitration, Lodmell "would be able to preempt consideration of" LaFrance's motion for summary judgment. <u>See</u> <u>La. Stadium</u>, 626 F.3d at 160 ("If [the plaintiff] succeeds in compelling arbitration, it would be able to preempt consideration of the defendants' inevitable motion for judgment on the pleadings which was plainly foreshadowed by the detailed deficiency letter sent the defendants had sent to [the plaintiff].").  Such impact further illustrates substantive prejudice and supports a finding of waiver. <u>See</u> <u>id.</u>

Because of the delay and expense incurred between the commencement of this action and Lodmell's Motion to Compel, and because of the procedural and substantive prejudice LaFrance and Joyce would face if it were forced to arbitrate these claims, the court concludes that Lodmell waived his arbitration rights.  Accordingly, Lodmell's Motion to Compel (Doc. No. 41) is denied.[2]

## VI.   JURISDICTION

Given that the court denies Lodmell's Motion to Compel, the court must next consider whether it retains jurisdiction over this matter.

Federal courts are courts of limited jurisdiction and may not hear a case absent subject-matter jurisdiction.  Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005).  Although no party has raised this issue, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); see also United States v. Cotton, 535 U.S. 625, 630 (2002) ("Because

---

[2] The court also notes that the history of litigation between these parties, and the timing of this Motion, could give rise to an inference that Lodmell's Motion is made in bad faith.  First, after failing to compel arbitration in the Eastern District of Washington four months ago, Lodmell has now made the same motion here.  See In re Neroni, 639 Fed. Appx. 9, 11 (2d Cir. 2015) (finding bad faith based upon a "history of filing vexatious, duplicative lawsuits").  Furthermore, Lodmell waited to move to compel arbitration until after discovery in this case had been completed, and after the parties had incurred considerable expense.  Given that Lodmell filed this Motion just one month following this court's Order to Show Cause on the issue of jurisdiction, it is reasonable to assume that Lodmell filed his Motion as a way for this court to retain jurisdiction.

Joyce and LaFrance did not brief the issue of bad faith; thus, this court need not address whether these facts meet the "high standard for bad faith."  Cont'l Cas. Co. v. Marshall Granger & Co., No. 11-CV-3979, 2017 WL 1901969, at *11 (S.D.N.Y. May 9, 2017).  Nonetheless, the court merely notes for the record its concerns as to the conduct of Lodmell during the course of this litigation.

subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.").

In his Notice of Removal (Doc. No. 1) and Response to the court's Order to Show Cause (Doc. No. 38), Lodmell asserted that the Convention conferred jurisdiction, and directed this court's attention to Section 205.  That section provides that federal courts have removal jurisdiction where an action "relates to an arbitration agreement or award falling under the Convention."  9 U.S.C. § 205.  Courts in the Second Circuit, however, "have treated Section 205 as a removal statute that does not confer subject matter jurisdiction."  Albaniabeg Ambient Sh.p.k. v. Enel, 169 F. Supp. 3d 523, 527-28 (S.D.N.Y. 2016) (citing Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012)).  "In making a determination as to subject matter jurisdiction, courts look to Section 203."  Albaniabeg Ambient Sh.p.k., 169 F. Supp. 3d at 528.

Section 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."  Curiously, Lodmell's Response to this court's order is largely silent as to Section 203, and instead focuses on Section 205.  See Response (Doc. No. 38).  While courts in this Circuit have construed Section 205 broadly, see, e.g., Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135, No. 10-CV-1455, 2011 WL 4529668, at *6 (E.D.N.Y. Sept. 27, 2011), the same cannot be said for Section 203.  The "Second Circuit has interpreted that [Section 203's] grant narrowly, limiting it to actions to compel, confirm, or vacate an arbitral award."  Holzer v. Mondadori, No. 12-CV-5234,

2013 WL 1104269, at *6 (S.D.N.Y. Mar. 14, 2013) (citing <u>Scandinavian Reinsurance Co.</u>, 668 F.3d at 71).

Because this court has denied Lodmell's Motion to Compel, the court concludes that it no longer has subject matter jurisdiction under Section 203.  <u>See Holzer</u>, 2013 WL 1104269 at *6 (concluding that it has subject matter jurisdiction over the action only if plaintiff's claims are subject to arbitration).

## VII.  CONCLUSION

For the reasons stated above, Lodmell's Motion to Compel (Doc. No. 41) is dismissed.  Having concluded that this court now lacks subject matter jurisdiction, this case is remanded to Connecticut Superior Court Judicial District of Ansonia-Milford pursuant to section 1447(c) of title 28 of the United States Code.


**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of March, 2020.


_____ /s/ Janet C. Hall _____
Janet C. Hall
United States District Judge